IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KOURTNEY SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:18-CV-380 (MTT) |
| | ) | |
| WESLEYAN COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pro se Plaintiff Kourtney Shelley moves to compel (Doc. 24) non-party witness Katrina Skalko to answer questions that she refused to answer during her May 5, 2020 deposition (Doc. 26).  Specifically, Plaintiff requests leave to conduct a second deposition of Skalko to have several questions answered and depending upon Skalko's answers to those questions, allow Plaintiff to ask follow-up questions.  Doc. 24.  This motion is **DENIED**.

## BACKGROUND

Plaintiff began working as a Transfer Support Coordinator at Wesleyan College on November 27, 2017.  Doc. 1 at 2.  She alleges that Wesleyan College terminated her on January 8, 2018 for racially discriminatory and retaliatory reasons in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.  *Id.* at 3.  She also complains of a "hostile work environment" caused by "bullying" from

1

Skalko and others. *Id*. Skalko was not Plaintiff's supervisor, but she was tasked with training Plaintiff. Doc. 26 at 9-10.

Plaintiff deposed Skalko on May 5, 2020. Doc. 26. Plaintiff argues that she needs to depose Skalko a second time because Skalko refused to answer the following questions:

1. Whether Skalko was an hourly or salaried employee during the time that Plaintiff was employed at Wesleyan College, Docs. 32 at 1; 26 at 50;

2. Why Skalko does not have to work anymore, Docs. 32 at 1; 26 at 68;

3. Skalko's starting and ending salaries at Wesleyan College, Docs. 32 at 1; 26 at 68-69;

4. The names of any previous places of employment at which Skalko worked as a supervisor, Docs. 32 at 1; 26 at 69;

5. What degree Skalko was trying to obtain while working at Wesleyan College, Docs. 32 at 1; 26 at 70-71; and

6. Whether Skalko recently suffered from COVID-19, Docs 32 at 2; 26 at 76.[1]

Skalko, who was not represented by counsel at the deposition (Doc. 26 at 6), questioned the relevancy of these inquiries and refused to answer the questions.[2] Doc. 32 at 50, 68-71. Counsel for Defendant, Wesleyan College, did not participate in the discussions about relevancy nor instruct Skalko in any way. Doc. 33 at 2.

---

[1] When the Court had to become involved in the scheduling of Skalko's deposition, it learned that Skalko had been sick with COVID-19. Doc. 23. Plaintiff now seems to question whether Skalko actually had COVID-19. Plaintiff states that "[a]s Ms. Skalko previously stated she was recovering from the 'COVID virus' in her initial communication with the Court, please take special note of [p]age 76, lines 2-7" of Skalko's deposition. Doc. 32 at 2. In her deposition, Skalko stated that she "did end up testing" negative for COVID-19, but she still had some "lung and heart" issues. Doc. 26 at 76. The Court reads this to mean that Skalko had COVID-19, she now tests negative and no longer has the virus, but she continues to have some heart and lung problems as a result of having had the virus.

[2] Skalko did answer the question regarding her starting salary at Wesleyan. Doc. 26 at 68. She stated that she could not remember. *Id*.

Discovery in this case closed on May 31, 2020.  Doc. 22.  Plaintiff filed her motion to compel on June 1, 2020.  Doc. 24.  She requests that the Court reopen Skalko's deposition, order Skalko to respond to certain questions posed by Plaintiff to which Skalko refused to respond in her initial deposition, and allow Plaintiff to ask follow-up questions based on those responses. *Id.* at 1. The Court ordered Plaintiff to file Skalko's deposition with the Court, which she did on June 23, 2020.  Docs. 25; 26.  The Court ordered Plaintiff to "designate by page and line number the responses she thinks warrant an order compelling . . . Skalko to answer further" and for Wesleyan to respond.  Doc. 27.  Plaintiff filed "Plaintiff's Support of Motion to Compel" and Defendant responded, objecting to Plaintiff's motion to compel on the basis that the additional deposition testimony sought by Plaintiff is neither relevant nor proportional to the needs of the case under Federal Rule of Civil Procedure 26.  Docs. 32; 33.  Defendant has also moved for summary judgment and Plaintiff's response to that motion is due August 31, 2020.  Docs. 28; 34; 35.

## ANALYSIS

According to Federal Rule of Civil Procedure 30(a)(2), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)" when "the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."  Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

3

discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiff has not explained, and the Court fails to see, how any of the inquiries shown above are relevant to Plaintiff's racial discrimination, retaliation, and hostile work environment claims, and even if they were, how Skalko's responses of failure to respond in any way prejudiced Plaintiff.  Skalko, Plaintiff's coworker and trainer, was allegedly involved in the discriminatory conduct.  Docs. 1; 26 at 9.  It is not clear how information about Skalko's employment history, salary history, educational background, why she no longer works outside the home, and COVID-19 status are logically connected to any of Plaintiff's allegations.  Plaintiff has not explained the connection between this sought-after testimony and the issues in her case.  Similarly, it seems the information Plaintiff seeks will not assist the factfinder in making legal determinations on Plaintiff's claims.  To the contrary, testimony on these topics is not likely to prove or disprove a matter in issue in this case because any information sought seems wholly unrelated to the contested issues.

The Court agrees with Defendant that proportionality weighs against allowing Plaintiff to depose Skalko for a second time.  Plaintiff has not explained the "importance of the discovery in resolving the issues," and the Court can discern none.  The discovery of whether Skalko was salaried or hourly, her ending salary, why Skalko no longer works outside the home, what degree Skalko sought to obtain while working at Wesleyan, and Skalko's COVID status simply have no relevancy and thus no "importance . . . in resolving the issues." Fed. R. Civ. P. 26(b)(1).  While information regarding Skalko's previous employment as a supervisor might be of some relevance and value if Skalko had been Plaintiff's supervisor, she was not.  Doc. 26 at 9.    Simply

put, none of the information Plaintiff seeks seems to have any bearing on the issues in this case.  Fed. R. Civ. P. 26(b)(1).  Given this, the burden and expense of a second deposition on non-party witness Skalko outweigh its benefit.  For these reasons, Plaintiff's motion to compel, Doc. 24, is **DENIED**.

    **SO ORDERED**, this 5th day of August, 2020.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT