IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KOURTNEY SHELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-380 (MTT) |
| | ) |
| WESLEYAN COLLEGE, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff, Kourtney Shelley, moves to proceed on appeal *in forma pauperis*. Doc. 52. Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, Shelley need not show that she is "absolutely destitute." *Id.* Instead, Shelley must demonstrate that "because of [her] poverty, [she] is unable to pay for the court fees and costs, and to support and provide necessities for

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

-1-

[herself] and [her] dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga.). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

According to her financial affidavit, Shelley and her spouse have a combined monthly income of $7,865, or $94,380 annually, from full-time employment and self-employment. Doc. 52-1 at 1-2. This stated income is below her stated monthly expenses of $10,625. *Id*. at 5. However, she and her spouse's annual income is well above the federal poverty guideline for a family of five, which is $31,040.[2] Moreover, Shelley states that she and her husband own several assets, including a home and other real estate with a total value of $610,000 and two cars worth $70,000. *Id*. at 3. Accordingly, from her financial affidavit, the Court cannot find that Shelley cannot pay the costs of this proceeding without undue hardship. *See Mack*, 2014 WL 3845777, at *1 (citation omitted). Therefore, her motion to proceed IFP on appeal (Doc. 52) is **DENIED**. If Shelley wishes to proceed with her appeal, she must pay the entire $505 appellate filing fee. Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this 17th day of February, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732 (January 13, 2021). Although not dispositive, the poverty guideline is relevant to the determination of poverty status.