# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KOURTNEY SHELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-380 (MTT) |
| | ) |
| WESLEYAN COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Wesleyan College moves to require *pro se* Plaintiff Kourtney Shelley "to file a bond or other approved security in the amount of $10,250.00, to ensure payment of Wesleyan's taxable costs in connection with [Shelley's] appeal to the [Eleventh Circuit]." Doc. 62 at 1. For the following reasons, that motion (Doc. 62) is **DENIED**.

## I. BACKGROUND

On October 12, 2018, Kourtney Shelley brought two claims against Wesleyan College under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981: (1) race discrimination and (2) retaliation. Doc. 1. Shelley's complaint did not raise a hostile work environment claim, but the parties submitted arguments concerning an alleged hostile work environment, which the Court addressed. Docs. 1; 46 at 23-27. The Court granted summary judgment on January 14, 2021, and Shelley filed a notice of appeal on January 25. Docs. 46; 48. Shelley then moved to proceed *in*

*forma pauperis* on appeal, which the Court denied. Docs. 52; 54. Shelley then paid the filing fee and her appeal is pending.

## II. DISCUSSION

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R.App. P. 7. "[T]he meaning of 'costs,' as used in Rule 7, should be derived from the definition of costs contained in the statutory fee shifting provision that attends the plaintiff's underlying cause of action." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002). "[A] district court may not require an unsuccessful plaintiff in a civil rights case to post an appellate bond that includes not only ordinary costs but also the defendant's anticipated attorney's fees on appeal, unless the court determines that the appeal is likely to be frivolous, unreasonable, or without foundation." *Young v. New Process Steel, LP*, 419 F.3d 1201, 1207-08 (11th Cir. 2005).

Wesleyan says that "[g]ood cause exists to require [Shelley] to post a bond for [Wesleyan's] fees and costs on appeal as a condition to proceed with her appeal because the appeal is frivolous, unreasonable, and without foundation."[1] Doc. 62 at 3 (citing Fed. R.App. P. 7; *Young*, 419 F.3d at 1206). Referencing the Court's Order, Wesleyan argues that Shelley did not present "sufficient evidence to survive even the first step of the *McDonnell Douglas* burden-shifting test." Doc. 62 at 3. Wesleyan further argues that Shelley "has not filed a motion for reconsideration … or otherwise suggested that she has new facts or law that would change the outcome of [the] Court's decision." *Id*. at 3-4. Wesleyan also cites a district court decision that granted summary

---

[1] Wesleyan submitted a declaration from Kenneth Jones that says Wesleyan will likely incur over $10,000.00 in attorneys' fees and other costs as a result of Shelley's appeal. Doc. 62-1.

judgment to a defendant and required the plaintiff to provide a cost bond that included estimated attorney's fees.  Doc. 62 at 4 (citing *Trabulsy v. Polk Cmty. Coll.*, 2010 WL 5152915 (M.D. Fla. Oct. 26, 2010), *report and recommendation adopted*, 2010 WL 4916983 (M.D. Fla. Nov. 24, 2010)).  In *Trabulsy*, the plaintiff sued for disability discrimination but could not prove that he was disabled or a qualified individual under the Americans with Disabilities Act.  *Trabulsy*, 2010 WL 5152915, at *2.  The court granted summary judgment, and the plaintiff filed a motion for reconsideration that included the same rejected arguments.  *Id*.  The court required the plaintiff to provide a cost bond because "without proof that the [p]laintiff is disabled and a qualified individual, [p]laintiff's bare legal assertions … are both frivolous and unreasonable on appeal."  *Id*.

      Here, Wesleyan argues that Shelley "cannot establish a prima facie case of race discrimination or retaliation."  Doc. 62 at 4.  They further argue that she has not "provided any evidence to show that Wesleyan's legitimate non-discriminatory and nonretaliatory reasons for terminating her were pretextual."  *Id*.  Therefore, Wesleyan argues, "[Shelley's] 'bare legal assertions' that Wesleyan discriminated against her are 'both frivolous and unreasonable on appeal,' and the Court should require [Shelley] to post a bond for costs."  *Id*. (citing *Trabulsy*, 2010 WL 5152915, at *2).

      Requiring a cost bond, in this case, is unwarranted because liberally construed, Shelley's reasons for appeal are not "frivolous, unreasonable, [or] without foundation."  *Young*, 419 F.3d at 1206.  In her motion to proceed IFP on appeal, Shelley argued, in part, that the Court's ruling was based on "incorrect dates and timelines," that the Court did not take into account "all evidence to make a sound and fair ruling," and that the

Court "states opinions as facts that can be proven to be untrue."[2]  Doc. 52.  While Wesleyan no doubt finds these grounds weak, the Court cannot say they are frivolous. Whether those arguments merit a reversal of the Court's grant of summary judgment is left to the Circuit to decide.

At bottom, Shelley, a *pro se* appellant, should not be discouraged by requiring a cost bond from pursuing the enforcement of her civil rights when she proposes non-frivolous arguments for appeal.  *Young*, 419 F.3d at 1208.

### III. CONCLUSION

For the reasons discussed above, Wesleyan's motion to require a cost bond (Doc. 62) is **DENIED**.

**SO ORDERED**, this 30th day of April, 2021.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] The Court denied the motion to proceed IFP on appeal (Doc. 52) based exclusively on Shelley's financial affidavit.  Doc. 54.